IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-50650
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ASENCION RODRIGUEZ-CALTZONTZIN

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-75-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Asencion Rodriguez-Caltzontzin pleaded guilty to illegal reentry into the United States and was sentenced to a 46-month term of imprisonment, the bottom of his advisory sentencing guidelines range. Rodriguez-Caltzontzin argues that his sentence is procedurally unreasonable because the district court did not provide adequate reasons for the chosen sentence. Citing Kimbrough v. United States, 128 S. Ct. 558, 574-75 (2007), and Rita v. United States, 127 S. Ct.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2456, 2464-65 (2007), he also contends that his sentence is not entitled to a presumption of reasonableness because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not based on empirical data and national experience. Finally, Rodriguez-Caltzontzin argues that his sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

After United States v. Booker, 543 U.S. 220 (2005), sentences are reviewed for "reasonableness." Gall v. United States, 128 S. Ct. 586, 594 (2007). An appellate court's review of a sentence must start with the issue whether the district court committed any "significant procedural error, such as . . . failing to adequately explain the chosen sentence." Id. at 597. If the sentencing decision is procedurally sound, the appellate court then considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

The district court's statements at sentencing were adequate to show that it considered Rodriguez-Caltzontzin's arguments and the pertinent sentencing factors. See Rita, 127 S. Ct. at 2468; United States v. Rodriguez, 523 F.3d 519, 525-26 (5th Cir.), cert. denied, 2008 WL 2717782 (2008). We disagree with Rodriguez's reading of Kimbrough. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564 (internal quotation marks and citation omitted) (ellipses in original). Speaking specifically to the crack cocaine guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2

sentences is supported by our decision in United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008), which involved a similar challenge to § 2L1.2. The appellate presumption is therefore applicable in this case. After reviewing for procedural errors and considering the substantive reasonableness of the sentence, we conclude that Rodriguez-Caltzontzin has failed to rebut the presumption of reasonableness.

Accordingly, the judgment of the district court is AFFIRMED.